UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BARRY DELAUNE | CIVIL ACTION |
| VERSUS | |
| SKR CONSTRUCTION, LLC<br>DAVID SHACKLEFORD | NO.: 18-CV-00655-BAJ-RLB |

## RULING AND ORDER

Before the Court is David Shackleford's ("Shackelford") **Motion to Dismiss (Doc. 6)** Barry Delaune's ("Plaintiff") complaint against him in his individual capacity. For the reasons set forth below, the Court DENIES Shackelford's request.

I. FACTUAL BACKGROUND

Shackelford is the managing partner of SKR Construction, LLC ("SKR")[1]. (Doc. 6-1 at p. 2). Plaintiff alleges that he was employed by Defendants for approximately nine to ten years, until February 20, 2018. (Doc. 1 at ¶ 5). Plaintiff claims that over the course of his employment, he was paid $51.00 - $55.00 per hour, and that he was a "non-exempt" employee.[2] (Id. at ¶¶ 6, 7). Plaintiff asserts that while his normal schedule required him to work from 7:00 am to 3:00 pm, Monday through Friday, occasionally, he would be required to work seven days a week for at least 70 hours per week. (Id. at ¶ 8). Plaintiff alleges that he was not paid the requisite rate of one

---

[1] SKR and Shackelford shall be jointly referred to as "Defendants."

[2] Although not defined by either party, a "non-exempt" employee is an employee who does not fall into any of the categories enumerated in 29 U.S.C. § 213.

1

and one-half times his regular rate for the times he was required to work overtime, despite his status as a non-exempt employee. (Id. at ¶ 9). Plaintiff further asserts that Shackleford, as managing member of SKR, created the policy wherein non-exempt employees would not be paid at the required overtime rates. (Id. at ¶ 10). Plaintiff also avers that Shackelford supervised and directed Plaintiff's activities. (Id.). Plaintiff was terminated on or about February 20, 2018.[3]

Plaintiff also claims that after his termination, he was denied a payout of accrued vacation time, in contravention of statutory authority and case law.[4] (Id. at ¶ 21). Plaintiff alleges that the policy under which SKR operates sets forth that terminated employees are not entitled to payment for the vacation time that had been accrued. (Id. at ¶ 22).

Defendants admit that Plaintiff was not reimbursed for the overtime hours he worked, but argues that Plaintiff was an exempt employee, and therefore not entitled to such payments. (Doc. 8 at ¶¶ 9-10). Shackleford also argues that he cannot be held individually liable for any injuries complained of by Plaintiff, as Plaintiff has not made any allegations against Shackleford that extend outside of his duties as managing member of SKR. (Doc. 6-1 at p. 2).

## II.   LEGAL STANDARD

---

[3] Neither party specifically sets forth that Plaintiff was terminated by Defendants in either the complaint, motion to dismiss, or opposition to the motion to dismiss. The Court surmises from Plaintiff's opposition to the motion to dismiss, and from certain allegations made in Plaintiff's complaint, that Plaintiff was terminated on or about February 20, 2018.

[4] Specifically, 29 U.S.C. § 213, La. R.S. 23:631(D)(2), and La. R.S. 23:634.

2

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### III. ARGUMENTS

Shackleford asserts that Plaintiff's complaint should be dismissed for failure to state a claim against Shackleford in his individual capacity. (Doc. 6-1 at p. 2). The Court notes that Shackleford's three-page motion, which fails to feature a single

paragraph offering anything that, by the most generous standards, could be deemed an analysis, is devoid of statutory and jurisprudential support for Defendants' position. Defendants fail to even attempt to establish how Plaintiff's claims do not apply to Shackelford in his individual capacity as well as in his capacity as managing partner of SKR. (Id.). In fact, Shackleford's motion merely cites case law setting forth the evidentiary standard that must be applied by this Court when addressing motions to dismiss, generally. (Id.).

In his response, Plaintiff argues that he has sufficiently pled that Shackleford is an "employer" under the Fair Labor Standards Act ("FLSA"). (Doc. 8 at p. 3). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). Plaintiff further argues that the term "employer" under the FLSA "includes individuals with managerial responsibilities and substantial control over the terms and conditions of the employee's work." *Lee v. Coahoma County*, 937 F.2d 220, 226 (5th Cir. 1991). (Doc. 8 at p. 3). Plaintiff also cites the "economic reality" test set forth by the United States Court of Appeals for the Fifth Circuit in *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 1984) to establish that Shackleford is an "employer." (Doc. 8 at p. 3). Plaintiff asserts that he has pled all of the required criteria to establish that Shackleford was an "employer" under the FLSA. (Id. at p. 4).

## IV. DISCUSSION

The Court finds that Plaintiff has pled sufficient facts which, if taken as true, could form the basis of a valid claim against Shackleford, both in his individual capacity and in the capacity as managing member of SKR. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984). Plaintiff has alleged that Shackleford is a manager of SKR, that he alone established the payroll policy, and that he directed and supervised Plaintiff. (Doc. 1 at ¶ 10). Because Shackleford may be held jointly and severally liable for unpaid wages along with SKR, the Court finds no reason to dismiss Plaintiff's claims as to Shackleford in his individual capacity at this juncture.

Moreover, counsel is admonished to review the pleading requirements set forth in Local Rule 7 for the United States District Court for the Middle District of Louisiana before submitting future motions. This motion, given the absence of any cited authority, has been a complete waste of this Court's time. It is also clear that this motion took the Court longer to address than for counsel to draft it. This pleading is unbecoming of an attorney granted the privilege of practicing in Federal Court.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 6)** is **DENIED.**

Baton Rouge, Louisiana, this 12th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**